FILED

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HENRY J. PRIEN,

          Plaintiff - Appellant,

  v.

JOHANNA SMITH, et al.,

          Defendants - Appellees.

No. 10-35079

D.C. No. 1:08-cv-00465-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted January 10, 2010[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

    Henry J. Prien, a former Idaho state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs in violation of the Eighth Amendment.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Prien failed to raise a genuine issue of material fact as to whether prison medical staff were deliberately indifferent by failing to provide him with a special diet to accommodate his onion allergy and in treating his hand injury. *See id.* at 1057; *see also id.* at 1059-60 (a difference in opinion about the preferred course of medical treatment does not constitute an Eighth Amendment violation). Accordingly, because prison medical staff were not deliberately indifferent, defendant Warden Smith cannot be held liable as a supervisor. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, defendant Johnston cannot be held liable because she was not the proximate cause of the alleged violations. *See id.* ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Prien's remaining contentions are unpersuasive.

**AFFIRMED.**